## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JERRY LEE YEAGER, JR, individually** | ) | |
| **and on behalf of others similarly situated,** | ) | **PLAINTIFF DEMANDS TRIAL** |
| | ) | **BY JURY** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 21-cv-245** |
| | ) | |
| **OFFICE OF THE STATE APPELLATE** | ) | |
| **DEFENDER,  and Thomas M. Breen,** | ) | |
| **Carol A. Brook, James L. Brusatte,** | ) | |
| **Abishi Cunningham Jr., James K. Donovan,** | ) | |
| **Thomas E. Hoffman, J. William Lucco,** | ) | |
| **Michelle Sanders and Jeff York, all in their** | ) | |
| **Official capacities as commissioners of the** | ) | |
| **Board of the State Appellate Defender,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Comes now Plaintiff Jerry Lee Yeager, Jr., by and through his attorneys, and for his

cause of action, states as follows:

### COUNT I (42 U.S.C. 1983, Sixth and 14th Amendment)

1. At all times relevant, Plaintiff Jerry Yeager, Jr., is a lawful U.S. citizen, and resident of

   Illinois, and is an indigent person.  He brings this case on behalf of himself, and all other

   U.S. citizens similarly situated.

2. That at all times relevant, The Office of the State Appellate Defender, provides, by law,

   criminal defense for indigent persons, who have criminal cases on appeal.  This lawsuit is

   filed on behalf of a proposed class of indigent persons, none of whom can afford to hire

   private counsel.

3. That the Office of the State Appellate Defender is governed by a Board.  That the Board has the responsibility to approve or modify an operational budget submitted to it by the State Appellate Defender and set the number of employees each year.

4. The State Appellate Defender submits reports to the Board on the operation of his office at each semi-annual meeting. He also submits a comprehensive report to the Board at the end of each fiscal year.

5. At the time of filing, the commissioners of the Board of the State Appellate Defender are comprised of  (a) Thomas M. Breen, Chairman

   (b) Carol A. Brook

   (c) Judge James L. Brusatte

   (d) Hon. Abishi C. Cunningham Jr.

   (e) Hon. James K. Donovan

   (f) Justice Thomas E. Hoffman

   (g) J. William Lucco

   (h) Michelle Sanders

   (i) Jeff York.

6. That each member of the Board of the State Appellate Defender is named as a Defendant, in their official capacities.

7. That Plaintiff, Jerry Yeager, Jr., was criminally charged and tried in Madison County, Illinois Circuit Court, with criminal felonies.

8. At trial, Plaintiff had private counsel, and while ultimately convicted of one felony charge, and sentenced to incarceration, which has not yet begun, Plaintiff did substantially prevail at trial, being acquitted of all charges actually contained in the

charging document, and instead being convicted of only an alleged lesser included offense.

9. Plaintiff took a timely appeal, on September 2, 2020, but, at this point, lacked sufficient funds to retain private counsel for the appeal, and thus, went with the Illinois State Appellate Public Defender.

10. As of the date of filing this case Plaintiff has not yet actually meet with, or speak with, any actual attorney with the public defender's office, but instead, has been told by support staff at that office that an attorney will contact him, when that attorney is actually assigned his file and actually begins work on his file, anticipated to be several months from now, despite Plaintiff filing his notice of appeal about six months ago.

11. That under the filing schedule, under the Illinois Supreme Court Rules, Plaintiff's Appellate Brief was due on December 9, 2020, and Plaintiff's reply brief on January 27, 2021, all of which dates have past, and no brief as been filed, or for that matter, even started on. The Appellate Filing Rules, as they exist, are unenforced and meaningless as applied to cases handled by Defendants, due to the backlog caused by inadequate funding.

12. That Plaintiff has a non-frivolous appeal, including a substantial argument that the jury verdict was legally inconsistent, and that, as such, he is entitled to judgment in his favor as a matter of law.

13. If Plaintiff wins his appeal, which is substantially likely, he will not have to serve any jail time, or be a convicted felon.

14. However, at the end of the trial court phase of the case, Plaintiff could no longer afford to pay private counsel to handle his appeal, and thus, was forced to utilize a public defender to handle the appeal, through the State Appellate Public Defender Office, Fifth District.

15. That the estimated cost to have private counsel write and argue a proper appeal, with proper briefs, is between $10,000.00 and $15,000.00, not including the cost of the Appellate Record, which has been ordered by the Appellate Defender.

16. That, aside from ordering the Record on Appeal, the very first thing that the office of the Public Defender did, was request an extension of time, from the Appellate Court, of several months, to file a brief, on account of its backlog, which is usual and typical of how it handles appeals.

17. The Appellate Court, as it always does, granted the Appellate Defender the substantial extension of time, all on account of the long standing backlog.

18. That it is highly unlikely that the Appellate Court of Illinois would grant private counsel the same extensions that it affords the public defender.

19. When Plaintiff called the office of the Appellate Public Defender, he was told that no attorney had actually been assigned to his file, and it would be months before one was actually so assigned.  As of the date of filing this complaint, Plaintiff has no actual assigned public defender actually assigned to his file, despite six months pending since the filing of the notice of appeal.

20. The failure of the State Appellate Defender has been ongoing for literally decades.  For instance, the Appellate Court of Illinois noted, in 2008, about 13 years prior to filing this case, that:

"The current but discouraged practice in this court is for OSAD not to

make a motion for continuance, but is instead for the State to rely upon

OSAD's filing its briefs in as timely a fashion as its backlog permits."

*People v. Rollins*, 892 NE 2d 21, 28 - Ill: Appellate Court, 4th Dist. 2008.

21. That the Fiscal Year 2018 operating budget for the State Appellate Defender Office was

set in the amount of $21.4 million dollars on September 15, 2017.  While this was an

increase of 1.5 million or 7.5% over the FY2017 budget, it still slightly less than the

FY2012 budget.

22.  At the end of FY2018, the time frame for *beginning*, not concluding, work on a case is

now approximately 20 months from the judgment date.

23. At the end of the FY2019 time frame, the official meeting minutes for the Board reported

that reporting that [the backlog of cases] "is still too big."

24. On February 21, 2020, the official meeting minutes for the Board reported that:

"the legislature [] has fully funded the agency for the last two years[,] and

… there has been a 29% decrease in the backlog since Jan 1, 2018[,] and

there is still room for improvement.

25. A 29% reduction from "20 months" to *begin* working on a file, translates, into plain

English, as a 14.2 months delay for the Public Defender to even look at a file, not

conclude it, or well over a year.

26. That under the actual Illinois Supreme Court Rules, an opening appellate brief should be

*filed* within well under two months from the date the appellate record is filed.  Plaintiff

has no objection to this time frame, which is never actually complied with by the public

defender.  No court would tolerate private counsel taking 14.2 months, or anywhere near it, to *begin* working on a brief, much less, finishing it.

27. That despite considering itself "fully funded", the state public defender's office is woefully inadequately funded, such that appeals are delayed as described herein.

28. That instead of actually hiring sufficient attorneys to handle the actual workload, a "Pro Bono" pilot program in the First and Second Districts created by the Appellate Court and the Illinois Supreme Court, was initiated.  That this program has done little, if anything to actually alleviate backlogs, and as of February 21, 2020, there was one volunteer in the First District and one volunteer in the Second District, and none in the Third, Fourth or Fifth Districts.

29. That there is no indication that substantial additional funding is soon to be forthcoming, or that the substantial backlogs are soon to be resolved, or for that matter, that there is even a plan in place to try to substantially resolve the backlogs.  Sufficient funding is simply not being provided, which compounded with years of inadequate funding, has created the current situation.

30. That justice delayed is justice denied.

31. Under the Sixth and Fourteenth Amendments, a criminal defendant has a *right* to Court appointed counsel in, at least, a first appeal as of right, such as Plaintiff's appeal from the Circuit Court of Madison County to the Appellate Court of Illinois, Fifth District.

32. In *Douglas v. California*, 372 U. S. 353 (1963), relying on "that equality demanded by the Fourteenth Amendment," the *Douglas* Court held that denial of counsel to indigents on first appeal as of right amounted to unconstitutional discrimination against the poor.

33. "The duty of the State may be not to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction, but only to assure the indigent defendant an adequate opportunity to present his claims fairly in the context of the State's appellate process.

34. That excessive delay in the processing of a criminal defendant's state appeal can be a denial of due process of law.  *Allen v. Duckworth*, 6 F. 3d 458 - Court of Appeals, 7th Circuit 1993, *citing Cody v. Henderson,* 936 F.2d 715, 718-19 (2d Cir. 1991); *Coe v. Thurman, supra,* 922 F.2d at 530.

35. That in this case, Plaintiff is suffering prejudice on account of the delay, due to one or more of the following:

   A:     oppressive incarceration, and/or

   B:     anxiety and distress, and/or

   C:     the possible impact on the defense at retrial, and/or

   D:     the anxiety of not knowing when his appeal would be decided, and/or

   E:     the further passage of time affecting his ability to reconstruct his defense.

36. That under the Sixth and 14th Amendments, that Plaintiff has a constitutional right to a speedy appeal and counsel on appeal, even if he cannot personally afford same.

37. That this action is brough pursuant to 42 U.S.C. 1983, for violation of Plaintiff's Sixth and 14th Amendment rights.

38. That this Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331, federal question.

39. That venue is proper, as either Defendants are residents of the Southern District of Illinois, the appeal at issue is located in the Southern District of Illinois, or both.

40. That this action is being brought as a class action, pursuant to F.R.C.P. 23.

(1) The class is so numerous that joinder of all members is impracticable. Specifically, there exist in excess of one thousand class members, with additional class members being added over time.

(2) there are questions of law or fact common to the class, including

a. How long are appeals as of right, which are being handled by the Illinois State Appellate Public Defender taking to (1) first have a lawyer speak to the client, (2) begin work on the appeal and/or (3) conclude the briefing process for the appeal.

b. Is it a violation of the Sixth Amendment and/or due process for an Illinois State criminal defendant, who is indigent and qualifies for the State Appellate Public Defender, to have to wait six months, or more, from the filing of the Notice of Appeal, in order to even meet or talk to said State Appellate Public Defender, or have same begin work on their file, much less conclude same.

c. Is the Illinois State Appellate Public Defender being adequately funded to provide a timely competent appellate defense?

d. Should the Illinois State Appellate Public Defender be required to pay private counsel to handle an appeal that it cannot itself timely handle?

(3) the claims of the representative party, Jerry Yeager, Jr, are typical of the claims of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

41. That Plaintiff proposes certification of the proposed Plaintiff class,

"all persons, who have pending criminal appeals in the Illinois Appellate Court on the date that this case was filed, or who, while this case is pending come to have a pending case in the Illinois Appellate court, and, who are represented by the Illinois State Appellate Public Defender while their case is on appeal."

42. That Plaintiff proposes naming Jerry L. Yeager, Jr., as class representative.

43. That Plaintiff proposes naming Thomas G. Maag and the Maag Law Firm, LLC, as class counsel.

WHEREFORE, Plaintiff and the proposed Plaintiff class, humbly request that this Honorable Court:

(1) certify the foregoing class, naming Jerry L. Yeager as class representative, and Thomas G. Maag and the Maag Law Firm, LLC, as class counsel, and

(2) enter an order directing defendants to either:

(a) hire sufficient attorneys and staff, such that they can, in most cases, actually file their opening appellate brief within 90 days of the filing of a notice of appeal, and their reply brief, if any, withing 30 days of the State filing its brief, or

(b) if the Defendants are unable to actually file an opening appellate brief within 90 days of the filing of a notice of appeal and a reply brief, if any, within 30 days of the State filing its brief, that Defendants be ORDERED to, notify the appealing defendant of same, in writing, and offer the appealing defendant the choice of either remaining with the public defender, or alternatively, provide funding to the private counsel of choice of each class member,

in an amount sufficient in the legal market of the district where the appeal is pending, to attract qualified private counsel, and not less than $10,000.00, plus costs, per appeal, or

(c)  enjoining Defendants from accepting or working on any additional cases, other than those already accepted for representation, from any source, unless and until sufficient funding and attorneys are hired in order to allow Defendants to file their opening appellate brief within 90 days of the filing of a notice of appeal, and their reply brief, if any, withing 30 days of the State filing its brief, and

(3)     Awarding Plaintiffs and/or class counsel reasonable litigation costs and attorney fees pursuant to 42 U.S.C. 1988, and

(4)     Such other, further and different relief, as allowed by law or equity.

## COUNT II

1 – 30.         Plaintiff adopts and incorporates paragraphs 1 through 30 of Count I.

31.             Under the Illinois Constitution, a Defendant has a right to an expeditious appeal, under Article VI, Section 16, Article I, Section 12 (which holds "Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely, and promptly."), or both.

32. That in this case, Plaintiff is suffering prejudice on account of the delay, due to one or more of the following:

A:       oppressive incarceration, and/or

B:       anxiety and distress, and/or

C:       the possible impact on the defense at retrial, and/or

D:       the anxiety of not knowing when his appeal would be decided, and/or

E: the further passage of time affecting his ability to reconstruct his defense.

33. That this Court has subject matter jurisdiction pursuant to 28 U.S.C. 1367(a), as this claim is so related to claims in the action in Count I, which is within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

34. That venue is proper, as either Defendants are residents of the Southern District of Illinois, the appeal at issue is located in the Southern District of Illinois, or both.

35. That this action is being brought as a class action, pursuant to F.R.C.P. 23.

(1) The class is so numerous that joinder of all members is impracticable. Specifically, there exist in excess of one thousand class members, with additional class members being added over time.

(2) there are questions of law or fact common to the class, including

a. How long are appeals as of right, which are being handled by the Illinois State Appellate Public Defender taking to (1) first have a lawyer speak to the client, (2) begin work on the appeal and/or (3) conclude the briefing process for the appeal.

b. Is it a violation of the Sixth Amendment and/or due process for an Illinois State criminal defendant, who is indigent and qualifies for the State Appellate Public Defender, to have to wait six months, or more, from the filing of the Notice of Appeal, in order to even meet or talk to said State Appellate Public Defender, or have same begin work on their file, much less conclude same.

      c.      Is the Illinois State Appellate Public Defender being adequately funded to provide a timely competent appellate defense?

      d.      Should the Illinois State Appellate Public Defender be required to pay private counsel to handle an appeal that it cannot itself timely handle?

(3) the claims of the representative party, Jerry Yeager, Jr, are typical of the claims of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

36. That Plaintiff proposes certification of the proposed Plaintiff class,

"all persons, who have pending criminal appeals in the Illinois Appellate Court on the date that this case was filed, or who, while this case is pending come to have a pending case in the Illinois Appellate court, and, who are represented by the Illinois State Appellate Public Defender while their case is on appeal."

37. That Plaintiff proposes naming Jerry L. Yeager, Jr., as class representative.

38. That Plaintiff proposes naming Thomas G. Maag and the Maag Law Firm, LLC, as class counsel.

WHEREFORE, Plaintiff and the proposed Plaintiff class, humbly request that this Honorable Court:

(1) certify the foregoing class, naming Jerry L. Yeager as class representative, and Thomas G. Maag and the Maag Law Firm, LLC, as class counsel, and

(2) enter an order directing defendants to either:

(a) hire sufficient attorneys and staff, such that they can, in most cases, actually file their opening appellate brief within 90 days of the filing of a notice of appeal, and their reply brief, if any, withing 30 days of the State filing its brief, or

(b) if the Defendants are unable to actually file an opening appellate brief within 90 days of the filing of a notice of appeal and a reply brief, if any, within 30 days of the State filing its brief, that Defendants be ORDERED to, notify the appealing defendant of same, in writing, and offer the appealing defendant the choice of either remaining with the public defender, or alternatively, provide funding to the private counsel of choice of each class member, in an amount sufficient in the legal market of the district where the appeal is pending, to attract qualified private counsel, and not less than $10,000.00, plus costs, per appeal, or

(c)  enjoining Defendants from accepting or working on any additional cases, other than those already accepted for representation, from any source, unless and until sufficient funding and attorneys are hired in order to allow Defendants to file their opening appellate brief within 90 days of the filing of a notice of appeal, and their reply brief, if any, withing 30 days of the State filing its brief, and

(3)     Awarding Plaintiffs and/or class counsel reasonable litigation costs and attorney fees, and

(4)     Such other, further and different relief, as allowed by law or equity.

Dated:  March 2, 2021

Respectfully Submitted,
Jerry Yeager, Jr,. on behalf of himself and
similarly situated persons
s/Thomas G. Maag
Thomas G. Maag
Maag Law Firm, LLC
22 West Lorena Avenue
Wood River, IL  62095
Phone:  618-216-5291
tmaag@maaglaw.com