IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY L. YEAGER, JR., individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>OFFICE OF THE STATE APPELLATE DEFENDER, THOMAS M. BREEN, CAROL A. BROOK, JAMES L. BRUSATTE, ABISHI CUNNINGHAM JR., JAMES K. DONOVAN, THOMAS E. HOFFMAN, J. WILLIAM LUCCO, MICHELLE SANDERS, and JEFF YORK, all in their official capacities as COMMISSIONERS OF THE BOARD OF THE STATE APPELLATE DEFENDER,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 21-cv-245-SMY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jerry Lee Yeager, Jr. filed this putative class action pursuant to 42 U.S.C. § 1983 against the Office of the State Appellate Defender ("OSAD") and the Commissioners of the Board of the State Appellate Defender (the "Board") in their official capacities. He asserts violations of his Sixth and Fourteenth Amendment rights. The case is now before the Court for consideration of Defendants' Motion to Dismiss (Doc. 24). Plaintiff filed a Response (Doc. 30). For the following reasons, the Motion is **GRANTED**.

### Background

Yeager makes the following relevant allegations in the Complaint: Yeager was criminally

charged in Madison County, Illinois Circuit Court.  The case went to trial where he represented by retained counsel. A jury convicted Yeager of one felony charge, and he was sentenced to incarceration (which has not yet begun).  Yeager filed a timely appeal on September 2, 2020.  At the time he appealed, Yeager lacked sufficient funds to keep his retained counsel, and so the Illinois State Appellate Public Defender entered an appearance on his behalf.

Under the briefing schedule set by the Illinois Supreme Court Rules, Yeager's brief was due on December 9, 2020 and reply brief was due by January 27, 2021.  The public defender ordered the record on appeal and requested an extension of time to file Yeager's brief.  Despite having filed his appeal in September 2020, Yeager had not met with a public defender nor had counsel been assigned to his case when he filed the instant action in March 2021.

At the end of fiscal year 2018, due to a backlog of cases, it took OSAD approximately 20 months from the judgment date to begin work on an appeal.  The timeframe had dropped to just over 14 months by February 2020.  From January 2018 to February 2020, OSAD oversaw a 29% reduction in unbriefed cases. To help ease the backlog, the Illinois Supreme Court initiated a *pro bono* program in 2020.  There is no indication that the backlog will be resolved.

Yeager asserts the delay in filing an opening brief in his criminal appeal violates his right to a swift appeal under the Sixth and Fourteenth Amendments and the Illinois Constitution.  He claims, among other things, that he has been prejudiced by the delay in filing his appellate brief due to oppressive incarceration, anxiety of not knowing when his appeal will be decided, and the further passage of time affecting his ability to reconstruct his defense.

Yeager seeks to represent a class of "all persons, who have pending criminal appeals in the Illinois Appellate Court on the date that this case was filed, or who, while this case is pending come to have a pending case in the Illinois Appellate court, and who are represented by the Illinois

State Appellate Public Defender while their case is on appeal." He requests injunctive relief requiring Defendants to (1) hire additional attorneys and support staff and file initial briefs within 90 days of a criminal defendant's notice of appeal, or (2) either (a) offer defendants the option of obtaining private counsel to be paid at no less than $10,000 per case or (b) refuse to represent new defendants until the aforementioned briefing schedule is met.

## Discussion

To survive a Rule 12(b)(6) motion, a plaintiff need only "nudge[ ] his claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Here, Defendants seek dismissal, arguing that Yeager's Complaint fails to state a claim for a myriad of reasons, including: (1) Yeager's claims are moot as work has begun on his appeal; (2) OSAD is immune from suit under the Eleventh Amendment; (3) the Board is immune and not proper defendants under *Ex Parte Young*; (4) there is no Sixth Amendment right to a speedy appeal; and (5) Count II must be dismissed under *Pennhurst*. Yeager concedes that OSAD is immune from suit and that this Court lacks subject matter jurisdiction over Count II. Accordingly, those claims will be dismissed with prejudice.

## Mootness[1]

In Count I, Yeager asserts that his Sixth and Fourteenth Amendment rights are being violated because his appellate brief has not been filed. Defendants maintain that this claim is moot as work has begun on Yeager's appeal.

---

[1] Defendants' mootness arguments implicate F.R.C.P. 12(b)(1); dismissal for lack of subject matter jurisdiction.

Article III of the Constitution limits the jurisdiction of federal courts to hearing live "cases" or "controversies." *Medlock v. Trs. of Ind. Univ.,* 683 F.3d 880, 882 (7th Cir. 2012). In keeping with this limitation, "if an event occurs while a case is pending ... that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the [case] must be dismissed" as moot. *Cornucopia Inst. v. U.S. Dep't of Agric.,* 560 F.3d 673, 676 (7th Cir. 2009) (quoting *Mills v. Green,* 159 U.S. 651, 653 (1992)). A claim is moot and must be dismissed for lack of jurisdiction when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 626 (7th Cir. 2007).; *Banks v. National Collegiate Athletic Ass'n*, 977 F.2d 1081, 1085 (7th Cir. 1992).

Ordinarily, simply determining that a plaintiff's case is moot dictates that his claim must be dismissed for lack of subject matter jurisdiction. But mootness requirements are somewhat different where the plaintiff attempts to represent a class. Specifically, if the district court has certified the class before the expiration of the plaintiff's claims, mootness is avoided. *Holstein v. City of Chicago,* 29 F.3d 1145, 1147 (7th Cir. 1994). Dismissal due to mootness may also be avoided if a plaintiff can demonstrate that his claim on the merits, while no longer live, is "capable of repetition, yet evading review." *Id*. To do so, a plaintiff must prove that: (1) his claim is "so inherently transitory that the court did not have enough time to rule on a motion for class certification before the proposed representative's individual interest expired; and (2) he will again be subjected to the alleged illegality. *Id*. Both elements are premised on the named plaintiff moving for class certification prior to the evaporation of his personal stake in the lawsuit. *See, e.g., Holstein v. City of Chicago,* 29 F.3d 1145, 1147 (7th Cir. 1994); *Trotter,* 748 F.2d at 1183–85.

On July 27, 2021, OSAD filed an opening appellate brief on Yeager's behalf (Doc. 31-2). As such, Yeager's claim that his rights are being violated due to the public defender's failure to file his appellate brief is moot because work has begun on his criminal appeal. And significantly, Yeager has not filed a motion for class certification. As the Seventh Circuit instructs, "a class does not become a separate entity until it is certified and, in turn, that a class will not be certified unless the named plaintiff has standing at that time." *Robinson,* 868 F.2d at 968 (citing *O'Shea v. Littleton,* 414 U.S. 488, 494 (1974)). Thus, given that no class was certified before Yeager's claim became moot, the entire lawsuit must be dismissed and the Court need not address the remaining grounds for dismissal.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 24) is **GRANTED** and this case is **DISMISSED without prejudice** for lack of subject matter jurisdiction. All pending motions are **TERMINATED** as **MOOT.**

**IT IS SO ORDERED.**

**DATED:** August 19, 2021

**STACI M. YANDLE**
**United States District Judge**