IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY L. YEAGER, JR., individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 21-cv-245-SMY ) ) |
| OFFICE OF THE STATE APPELLATE DEFENDER, THOMAS M. BREEN, CAROL A. BROOK, JAMES L. BRUSATTE, ABISHI CUNNINGHAM JR., JAMES K. DONOVAN, THOMAS E. HOFFMAN, J. WILLIAM LUCCO, MICHELLE SANDERS, and JEFF YORK, all in their official capacities as COMMISSIONERS OF THE BOARD OF THE STATE APPELLATE DEFENDER, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jerry Lee Yeager, Jr. filed this putative class action pursuant to 42 U.S.C. § 1983 against the Office of the State Appellate Defender ("OSAD") and the Commissioners of the Board of the State Appellate Defender (the "Board") in their official capacities, claiming the delay in filing an opening brief in his criminal appeal violated his right to a swift appeal under the Sixth and Fourteenth Amendments and the Illinois Constitution. The Court granted Defendants' motion to dismiss, finding that Yeager's claims were moot. Now pending before the Court is Yeager's motions to alter judgment (Doc. 34, 38).

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly

establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.,* 698 F.3d 587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006)). The rule "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996). A proper motion to reconsider does more than take umbrage and restate the arguments that were previously made and rejected. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006).

Yeager's Complaint alleged that his constitutional rights were being violated due to the public defender's failure to file his appellate brief – a claim that Yeager concedes is moot. Yeager now moves for reconsideration and argues that his case is not moot because (1) his Complaint also requested that his reply brief be filed within 30 days; (2) the "capable of repetition yet evading review" exception applies because Yeager is likely to commit another crime; and (3) the Court erred by dismissing his purported class action.

Article III of the Constitution limits the jurisdiction of federal courts to hearing live "cases" or "controversies." *Medlock v. Trs. of Ind. Univ.,* 683 F.3d 880, 882 (7th Cir. 2012). Here, Yeager's Complaint was devoid of any facts suggesting that reply briefs are affected by the backlog of cases on appeal – he alleged the backlog affects the *start* of a case, not the process thereafter. Because Yeager's appellate brief was filed, his claim is moot.

As for Yeager's assertion that he may commit another crime in the future, there must be a "demonstrated probability" that the same controversy will recur involving the same complaining party. *E.F.L. v. Prim*, 986 F.3d 959, 963 (7th Cir. 2021). Yeager's speculative assertions of future criminal activity do not meet this standard.

Finally, citing *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 162 (2016), Yeager maintains

that he was not required to file a placeholder class certification motion to avoid mootness. In *Campbell*, the Supreme Court held that an unaccepted offer of judgment did not moot a plaintiff's Complaint in a putative class action. *Campbell*, 577 U.S. at 162. But Yeager's reliance on *Campbell* is misplaced.; there was no unaccepted offer of judgment or an attempt to offer Yeager full compensation. Rather, Yeager's claim that his rights were being violated due to the public defender's failure to file his appellate brief was moot because work had begun on his criminal appeal. There was no certified class and Yeager lacked standing to pursue a claim on behalf of a class. *Olson v. Brown*, 594 F.3d 577, 580 (7th Cir. 2010) ("a class does not become a separate entity until it is certified and, in turn, that a class will not be certified unless the named plaintiff has standing at that time").

For the foregoing reasons, Yeager's motions to alter judgment (Docs. 34, 38) are **DENIED**. All pending motions are **TERMINATED** as **MOOT.**

**IT IS SO ORDERED.**

DATED: September 27, 2022

**STACI M. YANDLE**
**United States District Judge**